```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**JIMMY WAGONER,**

    **Petitioner,**

**v.**        //        **CIVIL ACTION NO. 1:11CV172**
                                            (Judge Keeley)

**TERRY O'BRIEN, Warden,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On October 31, 2011, the pro se petitioner, Jimmy Wagoner ("Wagoner"), filed a petition pursuant to 28 U.S.C. § 2241 challenging his United States Bureau of Prisons ("BOP") custody classification as a maximum custody inmate. (Dkt. No. 1). The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with LR PL P 2. On December 2, 2011, the respondent, Terry O'Brien ("O'Brien"), filed a Motion to Dismiss or, in the Alternative, for Summary Judgement. (Dkt. No. 10). Magistrate Judge Kaull issued a Roseboro notice on December 5, 2011, and on December 19th, Wagoner filed a response to the defendant's motion.

On June 18, 2012, Magistrate Judge Kaull issued an Opinion and Report and Recommendation ("R&R"), in which he recommended that O'Brien's Motion to Dismiss be granted and the petitioner's § 2241 petition be denied and dismissed with prejudice. (Dkt. No. 24). Magistrate Judge Kaull determined that the BOP did not err in classifying Wagoner as a maximum custody inmate, based on Wagoner's

**WAGONER v. O'BRIEN** **1:11CV172**

## ORDER ADOPTING REPORT AND RECOMMENDATION

120 disciplinary violations while incarcerated, including numerous violent infractions and twenty-three violations in the year preceding his classification change. He further determined that, even if the custody classification were incorrect, such an error did not rise to the level of a due process violation. See Sandin v. Connor, 515 U.S. 472, 483-84 (1995).

The R&R also specifically warned Wagoner that his failure to file written objections to the recommendation, which identified specific portions of the R&R to which he objected and stated the basis for such objections, would result in the waiver of any appellate rights he might otherwise have on this issue. On June 25, 2012, Wagoner filed a three-sentence document styled as a "Notice of Appeal," in which he merely contends that Magistrate Judge Kaull "erroneously denied my claim about the maximum custody assignment." (Dkt. No. 26).

The Court need not conduct a de novo review when a petitioner "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). A failure to file specific objections "waives appellate review of both factual and legal questions." Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

**WAGONER v. O'BRIEN**                                            **1:11CV172**

### ORDER ADOPTING REPORT AND RECOMMENDATION

Consequently, the Court **ADOPTS** the R&R in its entirety (dkt. no. 24), **GRANTS** the defendant's motion to dismiss (dkt. no. 10), **DENIES** Wagoner's § 2241 petition (dkt. no 1), and **ORDERS** that this case be **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's docket.

If the petitioner should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of the Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

DATED: July 18, 2012

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE